**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **JOEY RAMIREZ,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **MO:24-CV-00268-DC-RCG** |
| | § | |
| **CODY SMITH, JULIAN PAUL, and C.** | § | |
| **WASHINTGON,** | § | |
| *Defendants*. | § | |
| | § | |

<u>**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**</u>

BEFORE THE COURT are Defendants Cody Smith ("Defendant Smith"), Julian Paul ("Defendant Paul"), and C. Washington's ("Defendant Washington") (collectively, "Defendants") Rule 12(b)(6) Motion to Dismiss (the "Motion" or "Motion to Dismiss"), and alternative Rule 12(e) Motion for More Definite Statement ("Motion for More Definite Statement"). (Doc. 8).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefs and case law, the Court **RECOMMENDS** Defendants' Motion to Dismiss and Motion for More Definite Statement be **DENIED**. (Doc. 8).

## I.    BACKGROUND

On October 26, 2022, Defendants—all officers employed by the Midland Police Department—were dispatched to the scene of a car accident. (Doc. 1 at 3). Plaintiff Joey Ramirez ("Plaintiff") was not involved in the accident and was not present upon Defendants' arrival at the scene. *Id*. Plaintiff's son and daughter-in-law, Tomas and Monique Ramirez ("Tomas and Monique"), were involved in the car accident and taken into police custody shortly

---

1. All citations are to CM/ECF generated pagination, unless otherwise noted.

thereafter. *Id*. Tomas and Monique's children—Plaintiff's grandchildren—were also in the vehicle during the accident. *Id*. By the time Plaintiff arrived, Tomas and Monique were in custody, so Plaintiff "got out of his car and out of concern asked [Defendants] about his grandchildren." *Id*. At that time, Plaintiff also began recording the interaction on his phone. *Id*. Defendant Smith informed Plaintiff that if he took another step toward the accident, he would go to jail. *Id*. "While continuing to record the interaction, [Plaintiff] walked away from [Defendants] in compliance with the instruction to go back to his vehicle and to not take another step toward the accident." *Id*. at 4. It was then Defendants "suddenly grabbed [Plaintiff] and told him he was under arrest for Interference with Public Duties." *Id*. As a result of this incident, Plaintiff spent two days in jail. *Id*. The charge against Plaintiff was ultimately "dismissed due to insufficient evidence." *Id*. Nevertheless, Plaintiff claims he "suffered injuries, including emotional distress, torment, and mental anguish, deprivation of his liberty when taken into custody, costs of bonding out of jail, fees for his truck being towed away, and deprivation of his liberty while under bond conditions." *Id*.

Accordingly, on October 23, 2024, Plaintiff filed the instant action, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his Fourth Amendment right to be free from unreasonable seizure. (Doc. 1). On February 19, 2025, Defendants filed their Motion to Dismiss (Doc. 8). In the alternative, Defendants request a more definite statement. *Id*. at 10–11. Plaintiff filed his Response on March 5, 2025. (Doc. 13). Defendants replied on March 12, 2025. (Doc. 15). Consequently, the instant matter is ripe for disposition.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In a court's review of a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2*

*Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (finding the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

When a party moves under Federal Rule of Civil Procedure 12(e) for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). A more definite statement of a pleading is required when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

### III.    DISCUSSION

### 1. Consideration of the Police Incident Report

As a preliminary matter, the Court addresses whether it can consider the Police Incident Report (the "Report") attached to Defendants' Motion to Dismiss. For reasons below, the Court considers the Report, subject to certain limitations.

Attached to Defendants' Motion is a Report, containing incident narratives of both Defendant Paul and Defendant Smith. (Doc. 8-1). The Court need not delve too deeply into the contents of the Report, but it suffices to say Defendants Paul and Smith's narratives tell a different story than the Complaint. *Id*. at 6, 10. Defendants argue in favor of consideration: "The Court may consider the [] Report attached to this Motion as it is a public record of which the Court may take judicial notice." (Doc. 8 at 1 n.1). Plaintiff believes the Court should disregard the Report because it is not mentioned in the Complaint, is not central to Plaintiff's claim, and

would result in the inappropriate conversion of the instant Motion to a summary judgment motion. (Doc. 13 at 3–4) (citing *Carswell v. Camp*, 54 F.4th 307, 310–11 (5th Cir. 2022)). According to Defendants, Plaintiff misunderstands *Carswell*, and even so, conversion to a summary judgment motion would not be inappropriate. (Doc. 15 at 2–4). And, regardless of whether the Court elects to review the Report, Defendants believe Plaintiff's claim does not survive their Motion. *Id*. at 4.

"When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and *matters subject to judicial notice under Federal Rule of Evidence 201*." *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 370 (S.D. Tex. 2023) (emphasis added) (citing *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022)). "[W]hen non-pleading materials are filed with a motion to dismiss, . . . a district court has complete discretion under the Federal Rules of Civil Procedure to either accept the exhibits submitted or not, as it sees fit[.]" *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 (5th Cir. 1988). There exist two avenues by which a court may look outside of the pleadings at the motion to dismiss stage: (1) if the attachment is both referenced in the complaint and central to the plaintiff's claim, or (2) if the attachment is subject to judicial notice under Federal Rule of Evidence 201 ("Rule 201"). *See Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 323 (E.D. Tex. 2021) (distinguishing between the two avenues of consideration). Rule 201 allows courts to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be

questioned." FED. R. EVID. 201. The Fifth Circuit has long recognized "a court may [] take judicial notice of documents in the public record . . . and may consider such documents in determining a motion to dismiss." *Phillips*, 401 F.3d at 647 n.2. One form of public record sanctioned by the Rules of Evidence is a record or statement containing "factual findings from a legally authorized investigation[.]" FED. R. EVID. 803(8)(A)(iii). Police reports are commonly recognized public records. *See Roberts v. Wal-Mart La. LLC*, No. 15-0119, 2016 WL 6561523, at *3 (W.D. La. Nov. 2, 2016) ("[T]hree of the documents considered by the [c]ourt (the arrest warrants, affidavit, and police report) are matters of public record that can be judicially noticed in considering a 12(b)(6) motion."); *Shields v. City of Houston*, No. 24-CV-01291, 2024 WL 3448017, at *2 (S.D. Tex. July 17, 2024) (taking judicial notice of the police department's offense reports); *Dubash v. City of Houston*, No. 23-CV-3556, 2024 WL 4351351, at *21 n.6 (S.D. Tex. Aug. 26, 2024) ("The court takes judicial notice of the police report."), *R. & R. adopted*, 2024 WL 4355196 (S.D. Tex. Sept. 30, 2024). Thus, the Court will consider the Report in ruling on the present Motion.

But the Court's review is not unlimited. Indeed, "[t]he court's notice . . . is limited to the existence of the document, 'not to prove the truth of the documents' contents.'" *Ambler v. Williamson County*, No. 1-20-CV-1068, 2021 WL 769667, at *3 (W.D. Tex. Feb. 25, 2021) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996)). And relevant here, "a court may take judicial notice only of those matters contained in public records that are 'not subject to reasonable dispute.'" *Id.* (quoting FED. R. EVID. 201(b)). For instance, in *Polnac*, the court decided whether it should judicially notice a variety of exhibits attached to the defendants' motion to dismiss, one of which was a report prepared by a police department.

6

555 F. Supp. 3d at 322–23. Although the *Polnac* court took judicial notice of the police report, just as the Court does here, it qualified its review:

> As noted in the section analyzing the 911 call itself, the facts contained in the call are not subject to judicial notice. The truth of the facts contained in the report are certainly far from being not subject to reasonable dispute. As such, the Court limits its judicial notice to the fact that a report was written, that the dispatcher wrote certain remarks on the report, and that a 911 call was made. The accuracy of the remarks in the report remain a topic of dispute, and the Court finds the accuracy of those statements to be improper for judicial notice.

*Id*. at 326. The Court qualifies its review of the Report in a similar manner here. In other words, the Court takes judicial notice of the following fact: Defendants Paul and Smith prepared the Report, wherein they recounted their versions of the events giving rise to the dispute in this case. (Doc. 8-1). However, seeing as the statements contained in the report are subject to reasonable dispute, the Court declines to weigh the accuracy of Defendants' narratives over Plaintiff's version of events, as outlined in his Complaint.

In the alternative, Defendants request the Court "consider the attached [] Report as [Plaintiff] refers to his charge referenced in the [] Report in his Complaint." (Doc. 8 at 1 n.1). The undersigned is of the opinion Defendants' request should be met with denial because Plaintiff's reference to his charge—Interference with Public Duties—hardly qualifies as a reference to the subjective Report documenting the events giving rise to his charge. *See Polnac*, 555 F. Supp. 3d at 325 (declining to consider a 911 call where the plaintiff only vaguely references the call in the complaint). Furthermore, the Report is not central to Plaintiff's claim. "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims." *Crucci v. Seterus, Inc.*, No. 13-CV-317,

2013 WL 6146040, at *4 (W.D. Tex. Nov. 21, 2013) (citation omitted). "By contrast, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Chuttoo v. Horton*, 627 F. Supp. 3d 655, 666 (E.D. Tex. 2022). Defendants do not identify—nor can the Court conceive of—how the Report is central to Plaintiff's claim. Thus, Plaintiff's vague reference to his charge is an improper avenue for incorporating the Report into the Complaint.

Finally, the Court finds it unnecessary to convert Defendants' Motion to a motion for summary judgment. "[B]ecause the documents attached to the motion to dismiss are either considered part of the pleadings or are subject to judicial notice, there is no need to convert the motions to dismiss into motions for summary judgment, and the instant motions will be decided under the standards of Rule 12(b)(6)." *Roberts*, 2016 WL 6561523, at *3; *see Phillips*, 401 F.3d at 647 n.2. Furthermore, in § 1983 cases, "[i]t is 'precisely the point of qualified immunity . . . to protect public officials from expensive, intrusive discovery *until and unless* the requisite showing overcoming immunity is made.'" *Carswell*, 54 F.4th at 311 (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). In other words, an order disposing of a motion to dismiss is the proper procedural vehicle to make a qualified immunity determination.

In sum, the Court declines to incorporate the Report into the Complaint based on Plaintiff's reference to his criminal charge; however, the Court takes judicial notice of the report, subject to the limitations outlined above. The Court does so for purposes of disposing of Defendants' Motion to Dismiss, not by way of conversion to motion for summary judgment.

## 2. Unlawful Arrest Pursuant to § 1983

As mentioned, Plaintiff brings a claim under § 1983, alleging Defendants violated his Fourth Amendment right when they unlawfully arrested him without probable cause.

(Doc. 1 at 4–5). According to Plaintiff, Defendants lacked probable cause to arrest because Plaintiff complied with Defendants' commands and retreated from the scene just before he was arrested. *Id*. at 5. Defendants tell a different story: "[Plaintiff] did not leave the scene and instead remained standing in the middle of the roadway ignoring Defendants' numerous verbal commands to remove himself and his vehicle and forcing Defendants to divert their attention away from the active investigation to focus on removing [Plaintiff] safely away from the scene." (Doc. 8 at 2). Defendants attempt to poke holes in Plaintiff's own admissions, arguing Defendants did indeed have probable cause to arrest because they specifically instructed Plaintiff "to get in his vehicle and leave," whereas Plaintiff merely complied "with the instruction to go back to his vehicle and not take another step toward the accident." *Id*. at 8–9 (citing Doc. 1 at 3–4). Even if the Court finds Plaintiff sufficiently stated his claim, Defendants argue they are entitled to qualified immunity. *Id*. at 5.

To survive a motion to dismiss, Plaintiff's § 1983 claim "must allege that (1) a state actor, i.e., a person or entity acting under color of state law, (2) deprived the plaintiff of a federal constitutional right." *Reitz v. City of Abilene*, No. 16-CV-0181, 2017 WL 3046881, at *11 (N.D. Tex. May 25, 2017). When a defendant invokes qualified immunity in his motion to dismiss, the burden thereafter shifts to the plaintiff to rebut this defense. *See McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002). "A court's decision on qualified immunity involves two questions: (1) whether the defendant violated the plaintiff's constitutional or statutory rights; and (2) whether those rights were clearly established at the time of the violation 'such that the officer was on notice of the unlawfulness of his or her conduct.'" *Roque v. Harvel*, 993 F.3d 325, 331 (5th Cir. 2021) (quoting *Cole v. Carlson*, 935 F.3d 444, 451 (5th Cir. 2019)).

Courts are at liberty to analyze either prong first; if a plaintiff fails to meet his burden as to one, the Court may conclude the analysis after the first prong. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If a plaintiff does indeed succeed in establishing a constitutional violation, courts then turn to whether "the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). Under this second prong, "the defendant's subjective intent is simply irrelevant" to the defense. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Ultimately, "the burden is on the plaintiff to prove that a governmental official is not entitled to qualified immunity." *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). "At the motion to dismiss stage, a district court must find that the plaintiff's pleadings assert facts that, accepted as true, defeat the defense of qualified immunity." *Buehler v. City of Austin/Austin Police Dep't*, No. 13-CV-1100, 2014 WL 12776539, at *4 (W.D. Tex. July 24, 2014). As mentioned, Plaintiff's sole claim rests on his alleged unlawful arrest in violation of his Fourth Amendment right against unreasonable seizure. (Doc. 1 at 4–7). The Court will assess each prong—first, the alleged constitutional violation, then the clearly established right—in turn.

"The Fourth Amendment protects individuals from unreasonable search and seizure." *United States v. Valadez*, 267 F.3d 395, 398 (5th Cir. 2001). Absent a warrant, an arrest must be based on probable cause. *Bailey v. Ramos*, 125 F.4th 667, 675 (5th Cir. 2025). Thus, to prevail on a false arrest claim, a plaintiff must show the defendant-officer lacked probable cause to arrest him. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id.* at 655–56 (citations and quotation marks omitted). "An officer is due

10

qualified immunity, even if he did not have probable cause to arrest a suspect, so long as a reasonable person in his position would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Perry v. Mendoza*, 83 F.4th 313, 317 (5th Cir. 2023) (quoting *Voss v. Goode*, 954 F.3d 234, 239 (5th Cir. 2020)). "Thus, to survive a motion to dismiss on qualified immunity grounds, the plaintiff must allege facts permitting an inference that defendants lacked arguable (that is, reasonable but mistaken) probable cause for the arrests." *Buehler*, 2014 WL 12776539, at *11 (quotation marks omitted).

Plaintiff was charged with Interference with Public Duties. (Doc. 1 at 5). "A person commits an offense if the person with criminal negligence interrupts, disrupts, impedes or otherwise interferes with . . . a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law[.]" TEX. PENAL CODE § 38.15(a)(1). "To constitute interference, the action must consist of more than speech alone." *Bailey*, 125 F.4th at 676. But failure to comply with officer instructions generally constitutes a violation of § 38.15; in fact, "several courts have affirmed convictions of defendants who failed to comply with an officer's instruction to move away from a crime scene." *Id*. The obverse is also true: some courts have found probable cause to arrest lacking where the plaintiff complied with officer commands. *See Buehler*, 2014 WL 12776539, at *11; *Massey v. Wharton*, 477 F. App'x 256, 260 (5th Cir. 2012) ("Probable cause did not exist . . . [where the plaintiff] was attempting to comply with police commands at all times."); *Adimora-Nweke v. Williams*, No. 08-1147, 2009 WL 10717762, at *11 (S.D. Tex. Sept. 3, 2009) ("[N]o reasonable officer would have thought that he could make a constitutionally valid arrest for failure to obey the lawful order of a peace officer if the person was fully compliant with all orders given to her."), *R. & R. adopted*, 2009 WL

10717760 (S.D. Tex. Sept. 23, 2009). It seems, in the § 38.15 context, the existence of probable cause—and by extension, the lawfulness of the arrest—largely turns on a plaintiff's compliance with officer commands. Thus, the issue before the Court is a narrow one: did Plaintiff obey or disobey Defendants' commands just before his arrest?

    Taking Plaintiff's allegations as true, as the Court must at this stage, Plaintiff complied with Defendants' commands. Per the Complaint, Defendants "instructed [Plaintiff] to get in his vehicle and leave" and warned him he would be taken to jail if he "took another step this way." (Doc. 1 at 3). Consequently, "[Plaintiff] walked away from [Defendants] in compliance with the instruction to go back to his vehicle and to not take another step toward the accident." *Id.* at 4. The Court finds the purported discrepancy advanced by Defendants—between Defendants' commands and Plaintiff's actions in response—unpersuasive. (Doc. 8 at 8–9). Whether Plaintiff began complying with commands by proceeding away from the accident and toward his vehicle or was actually successful in getting in his vehicle and leaving is not determinative of his claim. Regardless, Plaintiff was—at least, according to his Complaint—attempting to fully comply with Defendants' commands just prior to his arrest. (Doc. 1 at 4). It follows that if Plaintiff adhered to Defendants' orders, any subsequent arrest would be without probable cause. And a warrantless arrest is violative of the Fourth Amendment if the officer lacks probable cause that the suspect committed a crime. *Bodzin v. City of Dallas*, 768 F.2d 722, 724 (5th Cir. 1985). Thus, the Court finds Plaintiff has sufficiently alleged a constitutional violation.

    Defendants further argue, even if they lacked probable cause to arrest Plaintiff, qualified immunity shields officers, such as themselves, from liability where they reasonably but mistakenly believe they had probable cause. (Doc. 8 at 5–7). It is true, "[e]ven law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to

immunity." *Westfall v. Luna*, 903 F.3d 534, 543 (5th Cir. 2018) (citation and quotation marks omitted). In this realm, a recent Fifth Circuit case, *Bailey v. Ramos*, 125 F.4th 667 (5th Cir. 2025), is instructive but distinguishable. In *Bailey*, the plaintiff and his comrades specifically approached the defendant-officers for the purpose of harassing and filming them. 125 F.4th at 673. The very onset of the interaction was hostile, with the plaintiff shouting expletives at the defendants and one of the companions openly carrying a weapon. *Id*. at 673. When instructed to back away from the active crime scene and stand behind a line, the plaintiff's friends immediately complied, whereas the plaintiff disregarded orders and stood in front of the line. *Id*. An altercation ensued, and the plaintiff was arrested for interference with duties of a public servant. *Id*. at 674. The court there held, because "[the defendant] could have reasonably, even if mistakenly, believed that he had probable cause to arrest [the plaintiff] for interference with a public duty, he is entitled to qualified immunity as to the unlawful arrest claim." *Id*. at 678. *Bailey* is distinguishable for two reasons. First, the *Bailey* court had the benefit of summary judgment evidence in making its determination. *Id*. at 674. Second, based on the totality of the circumstances—including the plaintiff's overall hostility and failure to comply with commands—the court found the defendant's probable cause determination was reasonable, even if mistaken. *Id*. at 678. Unlike *Bailey*, no such circumstances exist in the present case. Based on the facts before the Court, Plaintiff was not being hostile, nor did he disobey Defendants' commands prior to his arrest. Thus, the Court finds reasonable officers in Defendants' positions would not have believed probable cause present and would have refrained from arresting Plaintiff.

As for the second prong, the Court must determine whether the right Defendants violated was clearly established at the time of the incident. "The law is clearly established when there is

controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Linicomn v. Hill*, 902 F.3d 529, 539 (5th Cir. 2018) (quotation marks omitted). "The Supreme Court 'does not require a case directly on point for a right to be clearly established, [but] existing precedent must have placed the statutory or constitutional question beyond debate.'" *Id.* (quoting *Kisela v. Hughes*, 584 U.S. 100, 104 (2018)). As for his burden in this case, Plaintiff "must 'identify a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment.'" *Nerio v. Evans*, 974 F.3d 571, 575 (5th Cir. 2020) (quoting *D.C. v. Wesby*, 583 U.S. 48, 64 (2018)).

The Court is satisfied Plaintiff has made such a showing. Although Plaintiff defines the right at issue broadly—that is, the right to be free from arrest absent probable cause—he nevertheless cites to a case almost directly on point. (Doc. 13 at 7 (citing *Buehler*, 2014 WL 12776539)).[2] And Defendants do not seem to disagree that the right at issue (or at least, the broad right espoused by Plaintiff) was clearly established at the time of the incident: "[T]he right to be free from false arrest without probable cause is clearly established[.]" (Doc. 8 at 7 (citing *Bone v. Dunnaway*, 657 F. App'x 258, 261 (5th Cir. 2016)). The Court, however, contours the right more narrowly. The right at issue is the right to be free from arrest where the plaintiff complied with officer commands but was nevertheless arrested without probable cause. This right was clearly established at the time of the incident—October 26, 2022—and a wealth of caselaw corroborates as much. *See Buehler*, 2014 WL 12776539; *Adimora-Nweke*, 2009 WL 10717762 (denying summary judgment on qualified immunity grounds where the plaintiff was

---

2. *Buehler* involved three separate altercations between the plaintiff and the defendant-officers, all of which resulted in the plaintiff's arrest. *Buehler*, 2014 WL 12776539, at *1–3. During the final incident, the plaintiff began filming a defendant-officer from afar as he detained someone. *Id*. at *2. The defendant-officer instructed the plaintiff to back up, to which the plaintiff complied by backing away from the scene. *Id*. The plaintiff was nevertheless arrested for interference with public duties. *Id*. The *Buehler* court held, under these facts, the defendant-officer violated the plaintiff's clearly established right and was therefore not entitled to qualified immunity for the plaintiff's false arrest. *Id*. at *11–12.

arrested in spite of her compliance with officer commands); *Massey*, 477 F. App'x at 260 ("Probable cause did not exist . . . [where the plaintiff] was attempting to comply with police commands at all times."); *Zinter v. Salvaggio*, 610 F. Supp. 3d 919, 937 (W.D. Tex. 2022) ("[I]f a parade is approaching and an authority orders people to get off the road and they do so, no crime has occurred.") (internal citation and quotation marks omitted); *Lewis-Piccolo v. City of Houston*, No. H-16-2897, 2017 WL 2644211, at *2, 7 (S.D. Tex. June 1, 2017) (finding the defendant violated a clearly established right for arresting the plaintiff pursuant to § 38.15(a)(1) when she eventually complied with the command to return to her vehicle and only verbally protested), *R. & R. adopted*, 2017 WL 2633592 (S.D. Tex. June 19, 2017); *cf. Gorsky v. Guajardo*, No. 20-20084, 2023 WL 3690429, at *9 (5th Cir. May 26, 2023) ("[A]n officer may reasonably believe that probable cause exists to make an arrest for interference with public duties where an arrestee physically obstructs an officer or *fails to comply with an instruction* made within the scope of the officer's lawful command.") (emphasis added); *Buehler v. Dear*, 27 F.4th 969, 992 (5th Cir. 2022) ("We have held, based on caselaw from Texas courts interpreting the relevant provision, that conduct extremely similar to that in which [the plaintiff] was engaged— that is, *refusing to obey police officers' repeated and unambiguous warnings to step back* so as to not interfere with the officers' official duties—establishes probable cause to arrest for a violation of Texas Penal Code § 38.15(a)(1).") (emphasis added). Thus, by arresting Plaintiff without probable cause when he complied with their commands, Defendants violated Plaintiff's clearly established right. In other words, Defendants are not—at least, at this stage—entitled to qualified immunity.[3]

---

3. The Court's present findings have no bearing on the viability of Defendants' qualified immunity defense if reasserted at a later procedural stage. *See Carswell*, 54 F.4th at 312 ("[T]he defendant can move the district court for discovery limited to the factual dispute relevant to whether QI applies, then reassert QI in a summary judgment motion.").

Based on the foregoing, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **DENIED**. (Doc. 8).

### 3. Motion for More Definite Statement

In the alternative, Defendants move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 8 at 10–11). Defendants believe Plaintiff's Complaint contains nothing more than threadbare recitals and conclusory allegations. *Id*. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "The purpose of Rule 12(e) is to address unintelligibility and incoherence, not lack of detail." *Bautista v. SWBC Pro. Emp. Servs. I, LLC*, No. 22-CV-00247, 2022 WL 2118380, at *2 (W.D. Tex. June 13, 2022). A more definite statement is not warranted when a complaint "is organized, clearly identifies causes of action, and lays out the elements and corresponding allegations for each cause of action." *Id*. The Court is satisfied Plaintiff has done so here. The Complaint raises one claim for unlawful arrest pursuant to § 1983 and provides sufficient facts for the Court to draw an inference Defendants lacked probable cause in arresting Plaintiff. (Doc. 1). Thus, a more definite statement is not warranted in this case.

Accordingly, the Court **RECOMMENDS** Defendant's alternative Motion for More Definite Statement be **DENIED**. (Doc. 8).

## IV.    RECOMMENDATION

In accordance with the above discussion, the Court **RECOMMENDS** Defendants' Motion to Dismiss and alternative Motion for More Definite Statement be **DENIED**. (Doc. 8).

SIGNED THIS 10TH DAY OF JULY, 2025.


_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).